FILED

NOT FOR PUBLICATION

JUN 19 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JESSE KALBERER, | No. 14-17220 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02278-JCM-NJK |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted February 15, 2017
San Francisco, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and PRATT,** District Judge.

Plaintiff-Appellant Jesse Kalberer appeals the district court's grant of

summary judgment in favor of Defendant-Appellee American Family Mutual

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Insurance Company and the district court's denial of relief requested pursuant to Federal Rule of Civil Procedure 56(d). We affirm.

We review the district court's grant of summary judgment *de novo*. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). We affirm if the record shows that there are no genuine disputes as to any material facts and that the movant is entitled to judgment under the applicable substantive state law. *See* Fed. R. Civ. P. 56(a); *Zetwick v. County of Yolo*, 850 F.3d 436, 441-42 (9th Cir. 2017). We review a Rule 56(d) ruling for abuse of discretion. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892, 899 (9th Cir. 2012).

First, Kalberer argues that he presented sufficient evidence to generate a genuine issue of material fact pertaining to his bad faith claim. Under Nevada law, "[b]ad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1258, 969 P.2d 949, 956 (1998) (quoting *Guaranty Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996)). The Nevada Supreme Court has recognized that a violation of the covenant of good faith and fair dealing can manifest as a "bad faith failure to settle." *See Allstate Ins. Co. v. Miller*, 125 Nev. 300, 316, 212 P.3d 318, 329 (2009).

Kalberer argues that American Family's failure to settle the underlying lawsuit amounted to bad faith. He asserts American Family both objectively knew and subjectively believed that taking the case to trial would result in a judgment in excess of his policy limits. However, the record contradicts his characterization of American Family's knowledge and beliefs. The evidence demonstrates that American Family, through the advice of counsel and retained medical experts, had reason to believe that proceeding to trial could have resulted in a more favorable outcome than settling the case.

There is no evidence in the record suggesting that American Family had knowledge that there was "no reasonable basis" for its decision to proceed to trial. *See Bartgis*, 969 P.2d at 956. The "worst-case scenario" estimates of potential liability found in the record are not evidence that American Family knew or should have known that trial would produce an unfavorable outcome; rather, they demonstrate that American Family was proactive in its cost-benefit analyses of the expected values of trial or settlement. And of course, the benefit of hindsight—i.e. the knowledge gained *post facto* that the jury verdict was not favorable—cannot serve as an evidentiary basis to show American Family acted unreasonably *prior* to trial. The evidence shows that American Family both reasonably and subjectively

3

believed that proceeding to trial was a rational course. Therefore, we affirm the district court's grant of summary judgment on Kalberer's bad faith claim.

Second, Kalberer argues the district court improperly granted summary judgment in American Family's favor on six discrete claims under Nevada's Unfair Claims Practices Act. *See* Nev. Rev. Stat. §§ 686A.310(1)(b), (1)(c), (1)(e), (1)(f), (1)(l), (1)(n). The district court concluded that all six claims were premised on the broader allegation of unreasonable conduct by American Family. The court then granted summary judgment on all six claims collectively without analyzing the viability of each alleged statutory violation individually. We conclude, after separately considering each of the statutory allegations, that summary judgment was proper. The undisputed facts are sufficient to show that none of Kalberer's statutory claims as pleaded are meritorious, and American Family is entitled to judgment as a matter of law on all six claims.

Lastly, Kalberer argues the district court abused its discretion in denying his request for relief under Rule 56(d). The district court determined that the facts Kalberer hoped to uncover in discovery were not essential to justify Kalberer's opposition to summary judgment. The court also concluded that its disposition on the summary judgment motion would not have changed even assuming the sought-after facts had already been in evidence. Under these circumstances, we conclude the district court did not abuse its discretion in declining to grant Rule

4

56(d) relief.  *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

**AFFIRMED.**